# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EP WALLACE,

        Petitioner,

     -vs-                                                       Case No. 12-C-360

RANDALL HEPP,
**Warden of Jackson Correctional Institution**

        Respondent.

## DECISION AND ORDER

The Petitioner Ep Wallace ("Wallace"), is currently in custody of the Respondent Randall Hepp ("Hepp") at the Jackson Correctional Institution for his 2005 conviction by the Circuit Court for Milwaukee County, Wisconsin, for first-degree reckless homicide and misdemeanor battery. (*See* Pet. 1-2.) Wallace is serving a 30-year sentence consisting of 22 years of incarceration and eight years of extended supervision.

Wallace has paid the $5.00 filing fee. This matter is now before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule Four states that after preliminary consideration by a district court judge,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order

> the respondent to file an answer, motion, or other response
> within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A valid application for a writ of a habeas corpus must allege that the petitioner is in custody pursuant to a state court judgment in violation of the Constitution. 28 U.S.C. § 2254(a). Additionally, the application must not be granted unless the applicant has exhausted his available remedies in state court or there is no existing fair corrective process under state law to protect the rights of the petitioner. *See* 28 U.S.C. § 2254(b)(1).

Wallace is in custody pursuant to the judgment he challenges. With respect to the exhaustion requirement, claims are exhausted when they have presented to the highest state court for a ruling on the merits or when no other state remedies exist. 28 U.S.C. § 2254(b)(1). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Wisconsin, this means that state prisoners who wish to present their claims in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Based upon Wallace's submissions, it appears that Wallace has exhausted all available state remedies as to the four grounds for relief he has stated in his petition.

Wallace's first ground for relief is that his Fourteenth Amendment right to due process was violated by the trial court's failure to hold a hearing on his motion for relief

pursuant to Wis. Stat. § 974.06. Wallace's second, third, and fourth grounds for relief state that trial counsel and post conviction/appellate counsel violated his Sixth Amendment right to effective assistance of counsel. Wallace was represented by one attorney at trial, a different attorney on appeal, proceeded pro se on his post-conviction motion, and was represented by his current attorney on the appeal from the denial of his post-conviction motion. (Pet. 6.) Wallace has divided his ineffective assistance of counsel claims into three grounds relating to (1) the alleged failure to investigate, discover, or review all discovery materials retained by the state; (2) the alleged failure to present evidence that the victim, Jerry Taylor, told officers that he had been shot by a man named "Von" (a nickname for Johnny Wallace, Wallace's brother and co-defendant); and (3) the alleged failure to challenge and timely object to the sleeping juror who was inattentive during Wallace's trial. However, "ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed." *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009) (quoting *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005)).

Regardless of the fact that Wallace may have more properly structured his ineffective assistance of counsel claims to relate to the three alleged deficiencies of trial counsel as a single ground, and three similar alleged deficiencies based on the failure of appellate/post-conviction counsel to raise those contentions regarding trial counsel as another ground, Wallace has stated arguable constitutional violations which, if proven, would entitle him to federal habeas corpus relief. As such, summary dismissal under Rule 4 is

inappropriate because it does not appear from the face of his petition that Wallace's claims are plainly meritless. Hepp will, therefore, be required to file an answer to Wallace's petition for a writ of habeas corpus.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Hepp **MUST** file an answer to Wallace's petition **on or before June 21, 2012**; and

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts;

Dated at Milwaukee, Wisconsin, this 20th day of April, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**