UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EP WALLACE,

    Petitioner,

v.                             Case No. 12-C-360

RANDALL HEPP, Warden,

    Respondent.

**DECISION AND ORDER ON MOTION TO DISMISS FOR
UNTIMELINESS OF PETITION**

**I. INTRODUCTION**

On April 17, 2012, EP Wallace ("Wallace") filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, asserting that his 2005 convictions for first-degree reckless homicide and misdemeanor battery were imposed in violation of the Constitution. On April 20, 2012, United States District Judge Rudolph T. Randa issued a Rule 4 order, finding that the petitioner had set forth cognizable constitutional claims that, if proven, would entitle him to federal habeas corpus relief.

In that same order, Judge Randa ordered the respondent to file his answer on or before June 21, 2012. Thereafter, on May 10, 2012, upon the parties' consent to magistrate judge jurisdiction, the case was reassigned to this court for processing and entry of final judgment.

On June 21, 2012, the respondent filed a motion to dismiss Wallace's petition for writ of habeas corpus for untimeliness and a motion to stay the time for filing an answer to the petition pending the disposition of the respondent's motion to dismiss. On June 25, 2012, this court granted the respondent's request to stay the deadline for filing an answer and set forth a schedule to govern the briefing of the

respondent's motion to dismiss. In accordance with that briefing schedule, the parties have filed their briefs on the issues presented in the respondent's motion to dismiss and the respondent's motion is therefore ready for resolution. For the reasons that follow, the respondent's motion to dismiss will be granted and Wallace's habeas corpus petition will be dismissed for untimeliness.

## II. PROCEDURAL BACKGROUND

As previously stated, on April 17, 2012, Wallace filed his federal habeas corpus petition. According to his petition and the briefs filed by the parties, it was on February 7, 2005, that judgment was entered on Wallace's conviction in the Milwaukee County Circuit Court for one count of first-degree reckless homicide as a party to the crime, contrary to Wis. Stat. §§ 939.05 and 940.02(1), and misdemeanor battery, contrary to Wis. Stat. § 940.19(1). (Resp't's Mot. Ex. D, ECF No. 8-4.) Wallace was sentenced to serve 30 years, consisting of 22 years of incarceration and eight years of extended supervision. (Resp't's Mot. Ex. D., ECF No. 8-4.)

On December 20, 2005, Wallace filed a motion for postconviction relief pursuant to Wis. Stat. § (Rule) 809.30. (Resp't's Mot. Ex. E, ECF No. 8-5.) On January 19, 2006, the Milwaukee County Circuit Court denied Wallace's motion. (Resp't's Mot. Ex. E, ECF No. 8-5.) Wallace thereafter filed an appeal with the Wisconsin Court of Appeals, which on July 29, 2008, affirmed both the judgment of conviction and the order denying Wallace's motion for postconviction relief. (Resp't's Mot. Ex. G, ECF No. 8-7.)

Wallace timely filed a petition for review with the Wisconsin Supreme Court, which denied his petition on November 17, 2008. (Resp't's Mot. Ex. H, ECF No. 8-8.) On February 15, 2009, the ninety-day period Wallace had by which to file a petition for certiorari with the United States Supreme Court expired without Wallace's having filed such a petition.

Thereafter, on December 24, 2009, Wallace filed in the state circuit court a motion for postconviction relief pursuant to Wis. Stat. § 974.06. (Resp't's Mot. Ex. I, ECF No. 8-9.) On January 8, 2010, the circuit court denied Wallace's motion without a hearing. (Resp't's Mot. Ex. I, ECF No. 8-9.) Wallace appealed the circuit court's decision and, in a February 15, 2011 decision and order, the court of appeals affirmed the circuit court's decision. (Resp't's Mot. Ex. K, ECF No. 8-11.) Wallace filed a petition for review with the Wisconsin Supreme Court. (Resp't's Mot. Ex. L, ECF No. 8-12.) On May 24, 2011, the Wisconsin Supreme Court denied his petition for review. (Resp't's Mot. Ex. L, ECF No. 8-12.) Once again as previously stated, on April 17, 2012, Wallace filed his federal habeas corpus petition.

### III. DISCUSSION

Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the one-year limitation period begins to run, and also provides that the period of limitation is tolled while certain state proceedings are pending.

The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

3

and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For Wallace, his one-year period of limitation began to run on February 15, 2009, i.e., ninety days after November 17, 2008. This is because Wallace did not petition the United States Supreme Court for review of the state courts' decisions. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (holding that the ninety-day period after a direct appeal during which a petition for writ of *certiorari* may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of determining when the statute of limitations begins to run). Thus, in order to be timely, his federal habeas corpus petition had to be filed by February 15, 2010. But, his petition in the instant case was not filed until April 17, 2012. It therefore follows that, unless there is some basis for tolling the period between February 15, 2009, and April 17, 2012, Wallace's petition was filed in untimely fashion and must be dismissed.

To be sure, on December 24, 2009, Wallace filed a motion for postconviction relief. As of that date, 311 days had already expired on the one-year limitation period (from February 15, 2009 to December 23, 2009). The motion was denied by the circuit court on January 8, 2010. The circuit court's decision was affirmed by the court of appeals on February 15, 2011. And on May 24, 2011, the Wisconsin Supreme Court denied Wallace's petition for review. Thus, as of May 24, 2011, the one-year limitation period, which had been tolled by the state courts' handling of Wallace's § 974.06 postconviction motion, re-commenced to run. As of May 24, 2011, there were 54 days remaining on the

4

one-year limitation period (365 - 311 = 54). Fifty-four days after May 24, 2011, was July 17, 2011. Wallace's habeas corpus petition was not filed until April 17, 2012. Thus, it was filed in untimely fashion.

Not so says Wallace. Instead, he presents two arguments as to why his petition is timely. First, he argues that

> [t]he issues that Wallace raises in this petition are based on facts that occurred *after* the judgment was entered; and, due to Wisconsin procedural laws, Wallace was barred from raising the issue until his original appeal process was completed. Thus, the controlling section of 28 USCS § 2244 is subsection (D).

(Pet'r's Br. 2; emphasis in original)

Second, he argues that

> none of the time that elapsed prior to the filing of the Sec. 974.06, Stats. motion counts against the one year period. The issues raised in the present habeas corpus petition could not have been raised unless and until they were litigated in state court via the Sec. 974.06 motion. So long as the 974.06 motion was properly brought–and here it was–the federal time limit does not begin to run until the state court proceedings on the motion are final.

(Pet'r's Br. 3.) Both arguments must be rejected.

Even assuming that Wallace should not be held to have discovered the factual predicate for his claims of ineffective assistance of postconviction counsel until after his state appeal process was completed, and even assuming that Wallace could not have pursued such a claim in state court until after his direct appeal in state court was completed, the fact remains that the date on which both those occurrences came to fruition was the date on which the Wisconsin Supreme Court denied his petition for review on his direct appeal, to wit, November 17, 2008. And if this date were to serve as the commencement point of the one-year limitation period, it would do Wallace no good. Indeed, he would do better by application of 28 U.S.C. § 2244(d)(A). Application of subsection (d)(A), which is what this

5

court has applied, would delay the commencement of the one-year limitation period by ninety days, or until February 15, 2009.

Turning to his second argument (i.e., that "none of the time that elapsed prior to the filing of the Sec. 974.06 counts against the one year period"), all that need be said is that, unfortunately for Wallace, he is simply wrong.

Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection (d)(2) does not provide that once a postconviction motion is filed, the one-year limitation period somehow re-sets. Rather, subsection (d)(2) only provides that, so long as a postconviction motion is filed and is under consideration by the state courts, the time during which such motion is pending in the state court tolls the further running of the § 2244(d)(1) one-year limitation period. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending but does not *reset* the date from which the one-year statute of limitations begins to run.") (emphasis in original) (internal quotation marks and citation omitted); *United States ex rel. Love v. Trancoso,* No. 03-C-5249, 2004 WL 1660629, at *2 (N.D. Ill. Apr. 12, 2004) ("Implicit in the language of § 2244(d)(2) is the notion that the period between the date determined under § 2244(d)(1) and the filing of a post-conviction petition is in fact counted against the one-year limitations period.").

In conclusion, and for the foregoing reasons, the respondent's motion to dismiss will be granted and Wallace's habeas corpus petition will be dismissed for untimeliness.

6

## IV. CERTIFICATE OF APPEALABILITY

There is one final matter to address. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

> a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the habeas petition is denied on procedural grounds without addressing the prisoner's underlying constitutional claim, a certificate of appealability is issued only if the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Jimenez v. Quarterman*, 555 U.S. 113,118 n.3 (2009) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)) (emphasis original). As the Seventh Circuit similarly held, "[i]f success on a non-constitutional issue is essential . . . , and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003) (citing *Anderson v. Litscher*, 281 F.3d 672 (7th Cir. 2002)).

In my opinion, Wallace is not entitled to a certificate of appealability. Put simply, the statutory timeliness of Wallace's petition is a straightforward issue, and I do not believe that a reasonable jurist would find it debatable whether I erred in resolving this non-constitutional question. Because this finding

7

alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, Wallace will be denied a certificate of appealability.

Of course, Wallace retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**NOW THEREFORE IT IS ORDERED** the respondent's motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Wallace's petition for a writ of habeas corpus be and hereby is **DISMISSED** for untimeliness;

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly

**SO ORDERED** this 27th day of August 2012, at Milwaukee, Wisconsin.

> **BY THE COURT:**
>
> s/ William E. Callahan, Jr.
> WILLIAM E. CALLAHAN, JR.
> United States Magistrate Judge